IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EPHRAIM EMMANUEL BARR, *
#50072-066
                                                                                                      *

       Petitioner
                                                                                                      *

   v.                                                                    CIVIL ACTION NO. L-10-64
                                                                                *

JOSEPH COAKLEY, WARDEN[1]
                                                                                 *

       Respondent
                                                                            ***

## **MEMORANDUM**

      Ephraim Emmanuel Barr ("Barr"), a U.S. Bureau of Prisons ("BOP") inmate confined at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), filed this 28 U.S.C. § 2241 Petition for habeas corpus relief. He alleges that BOP authorities have failed to properly credit his federal sentence with time spent in custody from May 10, 2003 to September 25, 2003,[2] due to his arrest by the Maryland Transit Police in a criminal case out of the Circuit Court for Anne Arundel County. He claims that the criminal case involved in the Transit Police arrest was made part of the federal indictment and the custodial time at issue was never awarded to any state or federal matter.

      Currently pending is Respondent's Motion to Dismiss or Alternatively, for Summary Judgment, Barr's Oppositions, and Respondent's Reply. Docket Nos. 12, 14, 15, & 17. For reasons to follow Respondent's Motion, treated as a motion for summary judgment, shall be granted. The

---

    [1]    Joseph Coakley is the Acting Warden at the Federal Correctional Institution in Cumberland, Maryland. The Clerk shall substitute his name for that of former Warden J.D. Whitehouse.

    [2]    In administrative remedies, Barr seemingly contends that he is entitled to additional credit from May 3, 2005, to June 21, 2005. Docket No. 1 at Attachments; Docket No. 12 attachment 5. In his Opposition, however, he contends that he is entitled to credit for time spent in custody from May 3, 2003, to September 25, 2003, and from May 3, 2005, to June 7, 2005. Docket No. 14 at p. 2.

case may be decided on the pleadings and without oral hearing. See Local Rule 105.6. (D. Md. 2009).

Respondent argues that the Petition is subject to dismissal because Barr has not fully exhausted his administrative remedies by appealing his grievance to the BOP Office of General Counsel's Central Office and that, in the alternative, summary judgment should be entered in his favor because the record shows that Barr was given credit for time served in state prison in 2003 and 2005, when, on June 21, 2005, he was sentenced by a Maryland state court judge to time served for a state probation violation. Respondent asserts that 18 U.S.C. § 3585(b) prohibits Barr from receiving any further credit for that time against his federal sentence because he has already received credit against his state sentence.

The record shows that on January 15, 2003, Barr was arrested by local authorities in a Philadelphia suburb for forgery, theft by deception, criminal attempt, and receiving stolen property in Montgomery County, Pennsylvania. Docket No. 12, Ex. 1. On February 10, 2003, Barr was transferred to Delaware County, Pennsylvania regarding a pending charge and was released on bond the same date. On May 10, 2003, Barr was arrested in Baltimore County, Maryland and detained on charges of fraud and forgery. On September 22, 2003, he was sentenced to probation and released in order to donate a kidney to his mother. On October 21, 2004, Barr was arrested by Philadelphia police on assault charges. He was transferred to Lancaster County and was released on bond on November 8, 2004. Barr was arrested in Lancaster County on February 7, 2005, and released four days later.

On March 24, 2005, Barr was arrested in Delaware and released on April 4, 2005. On June 21, 2005, Barr was arrested for violating his probation on his Maryland conviction. A hearing was held that same day and his probation was revoked and a sentence of time served was imposed.

On July 13, 2005, Barr was arrested in Lehigh County, Pennsylvania for forgery and criminal conspiracy. These charges were dismissed, and on August 3, 2005, he was released to the U.S. Marshal in relation to his federal indictment. On October 24, 2007, the United States District Court for the Eastern District of Pennsylvania imposed an 87-month sentence after Barr was convicted on three counts of uttering counterfeit securities, one count of identity theft, and one count of conspiracy. Docket No. 12, Ex. 1. Upon Barr's entry to the BOP a sentence computation was completed. Respondent states that Barr received prior custody credit from the date of his initial arrest on January 15, 2003 through his release on bond on February 10, 2003. He also received credit from the date of his arrest on October 21, 2004 through his release on November 8, 2004. Additionally, he was awarded credit for his arrest from February 7, 2005 through his release on February 11, 2005, and from his arrest on March 24, 2005 through his release on April 4, 2005. Finally, according to the documents presented, Barr was given prior custody credit from July 13, 2005 through the day before his federal sentence was imposed, October 23, 2007.

Barr's oppositions take issue with the non-exhaustion argument. Paper Nos. 14 and 17. He claims that he attempted to exhaust his remedies at all levels of the BOP administrative remedy program. Id.

It is well-established that before an inmate can bring a § 2241 habeas corpus petition challenging the BOP's calculation of his sentences, he must exhaust his administrative remedies. See Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); Dent v. Zenk, 408 F.Supp.2d 103, 105 (E. D. N.Y. 2005). This exhaustion requirement is judicially imposed and unlike the statutory exhaustion requirement applicable to cases under the Prison Litigation Reform Act, remains within the Court's discretion and may be waived in certain circumstances, e.g., futility, no adequate relief, and a showing of cause

3

and prejudice. See Winck v. England, 327 F.3d 1296, 1304 (11th Cir. 2003); Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003).

The BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-42.19. First, inmates shall informally present their complaints to the unit team, and the unit team shall attempt to informally resolve any issue before an inmate files a request for Administrative Remedy. Id. at 542.13(a). If an inmate is unable to informally resolve his complaint, he may file a formal written complaint, on the appropriate form, to the warden of the institution where the inmate is confined. Id. at § 542.14. If an inmate is not satisfied with the warden's response, the response may be appealed (on the appropriate form) to the Regional Director. Id. at § 542.15. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to the General Counsel (central office). Id.

There is a material dispute as to whether Barr fully exhausted his remedies at all levels. He provides rebuttal documentation which seemingly shows that he filed remedies at the Office of General Counsel. Therefore, the Court will address his claims on the merits.

Barr claims that he is entitled to prior custody credit and has provided three different series of dates on which he asserts the credits should be awarded. The common thread of these dates relates to Barr's arrest, detention, and sentence in Maryland. The time periods in question relate to Barr's confinement on Baltimore County, not Anne Arundel County, charges.[3] The record

---

[3] In light of the fact that Barr's custody credit claim focuses on an Anne Arundel County conviction and sentence, while Respondent focuses on a Baltimore County conviction and sentence, the Court has independently reviewed additional docket entries of the Maryland cases. Barr cites to the case of State v. Barr, 02K05001095 (Cir. Ct. for Anne Arundel County). The court docket in that case, however, shows that the case was not filed until May 16, 2005, and Barr was not arraigned and did not receive his initial appearance until June 1, 2005. See copy of docket attached.

4

presented by Respondent shows that Barr was arrested on charges in Baltimore County on or about May 10, 2003, and sentenced to probation on September 22, 2003, in State v. Barr, 03-cr-002553. On June 21, 2005, Petitioner was arrested for violating that probation and had his probation revoked. A sentence of time served was imposed which included the period in question that Barr had previously served in Maryland custody.

For the aforementioned reasons the Petition shall be denied and dismissed. In sum, the BOP has awarded all necessary credit for prior custody Barr was due under 18 U.S.C. § 3585(b). A separate order follows.

May 25, 2010  /s/
_____
Benson Everett Legg
United States District Judge

---

On May 11, 2003, a statement of charges was issued against Barr by the District Court for Baltimore County in State v. Barr, 6C00189685. The charges arose out of an incident occurring on May 10, 2003 involving identity fraud and forgery. The case was closed and forwarded to the Circuit Court. See copy of docket sheet attached. The district court case was filed and opened as the Circuit Court case referenced by Respondent. (Docket No. 12, Ex. 1 at Attachment 7). Barr was found guilty of one count of identity fraud and forgery and sentenced to probation on September 22, 2003. On June 21, 2005, however, he was brought back to the circuit court on a probation violation charge. A guilty plea was entered and he was sentenced to time served. (Id.).

5